**Opinion filed August 29, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00123-CR
_____

## MATTHEW JOEL ZAPATA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 213th District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1812853**

## M E M O R A N D U M   O P I N I O N[1]

In a multi-count indictment, Appellant, Matthew Joel Zapata, was charged with the offenses of continuous sexual abuse of a young child (Count One), aggravated sexual assault of a child under fourteen years of age (Counts Two and

---

[1]Pursuant to Misc. Docket Order No. 24-9013 issued by the Texas Supreme Court on March 21, 2024, this appeal was transferred to us from the Second Court of Appeals. Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours. *See* TEX. R. APP. P. 41.3.

Three), and indecency with a child by contact (Counts Four, Five, and Six). TEX. PENAL CODE ANN. §§ 21.02(b), (h), 21.11(a)(1), 22.021(a)(1)(B) (West 2019 & Supp. 2024). The jury convicted Appellant of continuous sexual abuse of a young child as charged in Count One, did not reach the charges for Counts Two, Three, Four, and Five because they were lesser-included offenses that were subsumed in Count One, and acquitted Appellant of the indecency charge in Count Six. The jury assessed Appellant's punishment at imprisonment for sixty years in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly.

In one issue, Appellant challenges the sufficiency of the evidence to support the jury's verdict for Count One claiming that the evidence does not show that he committed two or more acts of sexual abuse during a period that is thirty or more days in duration. We affirm.

## I. *Factual Background*

We confine our recitation of the facts to those that are relevant to the issue raised by Appellant.

At the time of the alleged acts of sexual abuse, the victim, K.S., was nine; when she testified at trial, she was eighteen. K.S. testified that, at the time of the alleged sexual abuse, Appellant, K.S.'s sister, J.B., and their baby sometimes would spend the night at the house where K.S. and her mother lived. K.S. testified that her mother was not present at night because she worked a night shift. Normally, Appellant, J.B., and the baby lived with Appellant's parents at their house in Fort Worth. During a sleepover, Appellant asked K.S. to accompany him to his home as he retrieved a change of clothes for the baby. This was the first time that K.S. had been to the home where Appellant, J.B., and the baby lived when J.B. was not there with her. According to K.S., Appellant parked in the alley behind the house and sexually assaulted her in his car.

2

K.S. testified that Appellant sexually abused her "three or four" more times after this first incident. She recalled that subsequent incidents occurred in the alley behind the house where Appellant lived, in K.S.'s house, and in an abandoned house near Appellant's parents' house. Another incident occurred at Appellant's parents' house. Next, K.S. testified that Appellant showed her a pornographic video on his phone one night when they were at her house. K.S. testified that she could not remember every detail, but that the time between the first incident and the next incident was "[m]aybe about a month or two."

On cross-examination, K.S. stated that she was not sure how much time had passed between the first and the last incidents. She also testified that when she said "one to two months" had passed, she was referring to the time that elapsed between the first incident and when she made her first outcry, which was sometime after the acts of sexual abuse had occurred. She testified that she could not remember whether all the incidents occurred within or beyond a thirty-day period, but that "each incident happened probably a week apart, a couple days." K.S. later testified that the time span was less than thirty days.

On redirect, K.S. testified that, although she answered the questions that were presented by Appellant's trial counsel, she was confused by some of the questions that counsel posed. She testified that she did not know how much time had passed between the first incident and the last, that the sexual abuse occurred when she was nine, and that all the incidents of sexual abuse occurred during a period when she would go with Appellant to his parents' house to retrieve clothes for Appellant's baby, and that this period lasted for a "month or two." K.S. stated that, altogether, there were five or six incidents of sexual abuse. She also agreed that she had stated during cross-examination that the incidents occurred "about two days to a week apart."

Benjamin Jones, a detective with the Fort Worth Police Department, conducted a noncustodial interview with Appellant in 2019 while investigating the basis of K.S.'s outcry. A redacted recording of Appellant's interview was admitted and published to the jury. In the interview, Appellant stated that during the relevant time period, he would go over to K.S.'s house about "two times a month."

## II. *Standard of Review & Governing Law*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts

4

in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

The evidence need not directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the defendant's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we treat direct and circumstantial evidence equally, and we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

A person commits the offense of continuous sexual abuse of a young child if (1) during a period that is thirty days or more in duration, he commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims, and (2) at the time of the commission of each act of sexual abuse, the actor is seventeen or older and the victim is a child younger than fourteen, regardless of whether the actor knows the age of the victim at the time the offense is committed. PENAL § 21.02(b). "[A]ct of sexual abuse" means an act that violates one or more penal laws as specified in Section 21.02(c), which includes the offenses of indecency with a child by contact (other than by touching the breast of a child) and aggravated sexual assault. *Id.* § 21.02(c)(2), (4); *see id.* §§ 21.11(a)(1), 22.021(a)(1)(B)(i), (v), (a)(2)(B).

III. *Analysis*

In his sole issue, Appellant challenges the sufficiency of the evidence to support the jury's verdict because he claims that the evidence does not show that he committed two or more acts of sexual abuse during a period that is thirty or more days in duration. Appellant argues that K.S.'s testimony establishes that the alleged acts of sexual abuse did not occur over a period of more than thirty days. We disagree.

On direct examination, K.S. testified that the period of time that elapsed between two of the acts of sexual abuse was "[m]aybe about a month or two." She also testified that she did not know exactly how much time had passed between each incident. During cross-examination, although K.S. testified that she did not know the precise time that had passed between the first and last incidents, she did testify that these incidents occurred a couple of days or a week apart. She also affirmatively stated that the incidents of sexual abuse occurred over a span of less than thirty days. On redirect examination, K.S. testified that the incidents of sexual abuse occurred when she was nine, that these incidents occurred during a period when she would go with Appellant to his parents' house to retrieve clothes for his baby, and that this lasted for a "month or two." Altogether, K.S. testified that Appellant committed five or six acts of sexual abuse against her. She also had stated during cross-examination that these incidents occurred "about two days to a week apart."

In his recorded interview with Detective Jones, Appellant confirmed that, during the relevant period of time, he would go over to K.S.'s house about "two times a month."

Appellant argues that with this evidence, the jury could only speculate about the dates that the alleged acts of sexual abuse occurred, which is insufficient to support a conviction for continuous sexual abuse of a young child. *See Winfrey*, 393 S.W.3d at 771 ("While juries are permitted to draw multiple reasonable inferences

as long as each inference is supported by the evidence presented at trial, 'juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions.'") (quoting *Hooper*, 214 S.W.3d at 15); *see Hooper*, 214 S.W.3d at 16 ("[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented."). We disagree.

Here, the jury could have chosen to believe the statements that Appellant made during his interview with Detective Jones that he went to K.S.'s house approximately twice a month, and K.S.'s testimony that Appellant sexually abused her at least four or five times during a period of thirty days or more. *See Rhodes v. State*, 712 S.W.3d 226, 231 (Tex. App.—Eastland 2025, no pet.) (affirming that the jury may use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence); *Machado v. State*, No. 02-15-00365-CR, 2016 WL 3962731, at *3 (Tex. App.—Fort Worth July 21, 2016, pet. ref'd) (mem. op., not designated for publication) (reviewing the sufficiency of the evidence to prove that a series of acts of sexual abuse occurred over the required time frame and noting "evidentiary puzzle pieces that the jury could have carefully fit together to rationally find beyond a reasonable doubt that" continuous sexual abuse had occurred over a period of thirty days or more). Although K.S. at times expressed conflicting facts and time periods as to when the acts of sexual abuse occurred, we presume that the jury resolved any conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt*, 368 S.W.3d at 525–26; *Clayton*, 235 S.W.3d at 778.

Viewing the cumulative force of all the evidence in the light most favorable to the jury's verdict, we conclude that the record contains evidentiary puzzle pieces

that a rational jury could have carefully fit together to logically find and infer beyond a reasonable doubt the essential elements of the charged offense of continuous sexual abuse of a young child. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761; *Isassi*, 330 S.W.3d at 638; *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007); *Machado*, 2016 WL 3962731, at *3. Accordingly, we overrule Appellant's sole issue.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

August 29, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.